Oliver Wood (UT Bar No. 17474)
OLIVER WOOD LAW, PLLC
PO Box 581312
Salt Lake City, UT 84158
(206) 351-5320
ofinnwood@gmail.com

Barbara Chillcott (MT Bar No. 8078)
(*pro hac vice* pending)
WESTERN ENVIRONMENTAL LAW CENTER
103 Reeder's Alley
Helena, MT 59601
(406) 430-3023
chillcott@westernlaw.org

David Woodsmall (OR Bar No. 240631)
(*pro hac vice* pending)
WESTERN ENVIRONMENTAL LAW CENTER
120 Shelton McMurphey Blvd., Suite 340
Eugene, OR 97401
(971) 285-3632
woodsmall@westernlaw.org

*Attorneys for Movant Intervenor-Defendants San Juan Citizens Alliance, Badlands Conservation Alliance, Center for Biological Diversity, Citizens for a Healthy Community, Diné Citizens Against Ruining Our Environment, Sierra Club, and WildEarth Guardians*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **AMERICAN FARM BUREAU FEDERATION,** *et al*.,<br>    Plaintiffs,<br>  v.<br>**U.S. DEPARTMENT OF THE INTERIOR,** *et al*.,<br>    Defendants.<br><br>**SAN JUAN CITIZENS ALLIANCE, BADLANDS CONSERVATION ALLIANCE, CENTER FOR BIOLOGICAL DIVERSITY, CITIZENS FOR A HEALTHY COMMUNITY, DINÉ CITIZENS AGAINST RUINING OUR ENVIRONMENT, SIERRA CLUB,** and **WILDEARTH GUARDIANS,**<br><br>    Movant-Intervenor-Defendants. | Case No. 2:24-cv-665-RJS<br><br>**SJCA INTERVENORS' MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT**<br><br>Honorable Robert J. Shelby |

San Juan Citizens Alliance ("SJCA"), Badlands Conservation Alliance, Center for Biological Diversity, Citizens for a Healthy Community, Diné Citizens Against Ruining Our Environment, Sierra Club, and WildEarth Guardians (collectively, the "SJCA Intervenors") respectfully move to intervene under Federal Rule of Civil Procedure 24 as defendant-intervenors in this action. Plaintiffs take no pre-filing position on the motion and reserve the right to file a response. Federal Defendants take no position on the motion to intervene.

**INTRODUCTION**

In this lawsuit, Plaintiffs America Farm Bureau Federation, et al. (collectively, the "Industry Plaintiffs") challenge the Bureau of Land Management's ("BLM") adoption of regulations governing management of BLM-administered public lands, commonly known and hereinafter referred to as the "Public Lands Rule." Conservation and Landscape Health: Final Rule, 89 Fed. Reg. 40,308 (May 9, 2024). The Public Lands Rule clarifies that conservation is a use on par with other authorized uses of federal public lands and recognizes that Federal Defendants have the responsibility under the Federal Land Policy and Management Act of 1976 ("FLPMA") for "prioritizing the health and resilience of ecosystems across public lands." 89 Fed. Reg. at 40,308.

The Industry Plaintiffs not only challenge and seek to invalidate the Public Lands Rule, they also challenge the Federal Defendants' fundamental authority to consider conservation in managing federal public lands under FLPMA. Compl. ¶¶ 110-12. The relief sought by Industry Plaintiffs would profoundly alter the structure of federal public lands management under FLPMA's multiple use and sustained yield mandates, which have always required Federal Defendants to manage public lands for conservation. *See* 43 U.S.C. § 1701(a)(8).

The SJCA Intervenors are a coalition of community, conservation, and Tribal organizations

1

deeply rooted in the western U.S. They have worked individually and collectively for decades to protect public lands, waters, and vulnerable communities from the negative impacts of the historic imbalance in public lands use that has favored extractive industries. Success of the Industry Plaintiffs in this litigation would significantly impair the SJCA Intervenors' ability to advance their specific interest in conserving public lands to secure the associated public health, cultural resource, air and water quality, wildlife, recreation, and climate safeguards on which their members depend.

The SJCA Intervenors seek to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2) and meet all the requirements to intervene as of right. In the alternative, the SJCA Intervenors satisfy the test for permissive intervention under Federal Rule of Civil Procedure 24(b).

## ARGUMENT

### I. The SJCA Intervenors are entitled to intervene as of right.

Federal Rule of Civil Procedure 24(a)(2) specifies a court must permit a party to intervene who: (1) files a timely motion to intervene; (2) claims an interest relating to the subject of the action; (3) is situated so its interest might be impaired or impeded by disposition of the case; and (4) is not adequately represented by existing parties. The Tenth Circuit follows "a 'liberal' approach to intervention and thus favors the granting of motions to intervene." *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017) (citation omitted). Intervention should be granted "where no one would be hurt and greater justice could be attained," *Utah Ass'n of Cntys. v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (citation omitted), and requirements "may be relaxed" when litigation raises an issue of significant public interest, *San Juan Cnty. v. U.S.*, 503 F.3d 1163, 1201

(10th Cir. 2007) (en banc), *abrogated on other grounds by Hollingsworth v. Perry*, 570 U.S. 693 (2013). The SJCA Intervenors satisfy all four elements to intervene as a matter of right.

**A. The SJCA Intervenors' motion is timely.**

Timeliness is assessed "in light of all of the circumstances," with a focus on prejudice to existing parties from an undue delay in moving to intervene. *See Utah Ass'n of Cntys.*, 255 F.3d at 1250-51. Intervention is favored where no prejudice would result. *Id.*

The SJCA Intervenors easily satisfy this standard as this matter is in its infancy. The Industry Plaintiffs filed this suit on July 12, 2024. ECF No. 1. The case was transferred from the District of Wyoming to this District on September 10, 2024, ECF No. 19, and Federal Defendants filed their answer on September 13, 2024, ECF No. 22. There is no briefing schedule currently in place, nor has the administrative record been lodged. The existing parties will not be prejudiced considering this matter is still in its earliest stages. *See Utah Ass'n of Cntys.*, 255 F.3d at 1250-51 (granting intervention where case "far from ready for final disposition").

**B. The SJCA Intervenors have a protectable interest in upholding the Public Lands Rule and the Federal Defendants' authority to promulgate the Rule.**

In this Circuit, to intervene as of right, an applicant's interest must be "direct, substantial, and legally protectable." *Coal. of Arizona/New Mexico Ctys. for Stable Econ. Growth v. U.S. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996) (citations omitted). This Circuit has "declared it indisputable that a prospective intervenor's environmental concern is a legally protectable interest." *W. Energy All.*, 877 F.3d at 1165 (citation omitted). That is particularly true where intervenors have a "'record of advocacy' for the protection of public lands" and an interest in preserving the reforms they worked to implement. *Id.* This alone satisfies the interest requirement. *Id.*

The SJCA Intervenors' environmental interests and their record of advocacy in support of public lands conservation, and the Public Lands Rule specifically, are protectable interests. The SJCA Intervenors consist of community, conservation, and Tribal organizations dedicated to protecting the public lands where their members live, work, and recreate. DeAngelis Decl. ¶¶ 6-10; Joyce Decl. ¶¶ 6, 16-17; Krupp Decl. ¶ 13; Léger Decl. ¶¶ 3-4; McKinnon Decl. ¶ ¶ 7, 16; Pinto Decl. ¶¶ 3, 6; Rader Decl. ¶¶ 8, 15-21; Straight Decl. ¶¶ 5, 14. They include organizations founded to respond to the disproportionate impacts of public lands resource development on local residents. Léger Decl. ¶¶ 3-5, 10, 13-15; Pinto Decl. ¶¶ 3, 6, 14, 19-20; Rader Decl. ¶¶ 6-10. They have routinely urged BLM to consider their interests in specific policy, planning, and project decisions, and have litigated adverse decisions to protect their interests when necessary.[1] Joyce Decl. ¶¶ 7-9, 12-13; Krupp Decl. ¶¶ 7-11; Léger Decl. ¶¶ 5, 9; McKinnon Decl. ¶¶ 7-12; Pinto Decl. ¶¶ 8-9; Rader Decl. ¶¶ 11, 13-14; Straight Decl. ¶¶ 12, 13, 15.

The SJCA Intervenors have consistently advocated for BLM to strengthen its consideration of conservation values in public lands management. For example, in 2022, several of the SJCA Intervenor organizations petitioned BLM to conduct a rulemaking to include FLMPA's conservation protections in landscape scale planning and oil and gas leasing regulations, and many concepts in their petition appear in some form in the Public Lands Rule. Joyce Decl. ¶ 8; Krupp Decl. ¶ 8; Léger Decl. ¶ 9; McKinnon Decl. ¶ 7; Rader Decl. ¶ 11. Many

---

[1] *See, e.g., Sierra Club v. Hodel*, 848 F.2d 1068 (10th Cir. 1988) (road improvements); *Ctr. for Biological Diversity v. Bureau of Land Mgmt.*, 422 F.Supp.2d 1115, 1167-68 (N.D. Cal. 2006) (off-highway vehicle use); *Ctr. for Biological Diversity v. U.S. Dep't of Interior*, 623 F.3d 633 (9th Cir. 2010) (land exchange with mining company); *WildEarth Guardians v. Bernhardt*, 501 F.Supp.3d 1192 (D.N.M. 2020) (oil and gas leasing instruction memorandum).

of the SJCA Intervenors and their members also submitted extensive comments on the proposed Public Lands Rule. Joyce Decl. ¶ 15; Krupp Decl. ¶ 12; Léger Decl. ¶ 12; McKinnon Decl. ¶ 14; Rader Decl. ¶ 25. In fact, the Sierra Club was deeply engaged in educating the public about the Public Lands Rule, and nearly ten percent of the more than 215,000 comments BLM received during the rulemaking process were from Sierra Club members and supporters. Joyce Decl. ¶ 15.

The SJCA Intervenors' environmental interests in public lands conservation and their record of advocacy[2] supporting the Public Lands Rule and the protection of conservation values in public lands management are direct, substantial, and legally protectable interests. Accordingly, the second element of the intervention test is satisfied.

### C. An adverse ruling will impair the SJCA Intervenors' ability to protect their interests.

The third element – impairment – requires showing an adverse ruling "may as a practical matter impair or impede the applicant's ability to protect its interest." Fed. R. Civ. P. 24(a)(2). To satisfy this element, a would-be intervenor must only show impairment is *possible* if intervention is denied. *W. Energy All.*, 877 F.3d at 1167. This is a "minimal burden." *Id.*; *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1199 (10th Cir. 2010).

This element is easily satisfied here. The SJCA Intervenors' and their members' interests are so intertwined with conserving public lands that an adverse ruling in this case may compromise their very ability to advance their missions with respect to BLM-administered public lands. The

---

[2] The SJCA Intervenors have also moved to intervene in the case filed by the States of North Dakota, Montana, and Idaho challenging the Public Lands Rule in the District of North Dakota, *North Dakota, et al. v. U.S. Dep't of the Interior, et al.*, No. 1:24-cv-00124-DMT-CRH, ECF No. 27 (Sept. 19, 2024), and in the case filed by the State of Alaska in the District of Alaska, *Alaska v. Haaland*, No. 3:24-cv-00161-SLG (July 24, 2024).

SJCA Intervenors have spent decades advocating for BLM to manage public lands in ways that promote their interests in safeguarding communities, fish and wildlife, and healthy ecosystems – values core to the SJCA Intervenors' missions and their members' interests. Joyce Decl. ¶¶ 9-14; Léger Decl. ¶¶ 5,10; McKinnon Decl. ¶¶ 7-13; Krupp Decl. ¶¶ 7-11; Rader Decl. ¶¶ 8, 13; Pinto Decl. ¶¶ 13-15; Straight Decl. ¶¶ 11-13, 15. The relief sought by the Industry Plaintiffs in this case could affect BLM's authority under FLPMA and nullify, or at the very least significantly hinder, Federal Defendants' ability to conserve public lands for present and future generations. This result would strike at the SJCA Intervenors' fundamental values and cause significant harm to the organizations and their members. DeAngelis Decl. ¶ 16; Krupp Decl. ¶ 17; Léger Decl. ¶ 17; McKinnon Decl. ¶¶ 20-21; Pinto Decl. ¶¶ 21, 24.

    Furthermore, invalidating the Public Lands Rule would remove the rule's suite of regulatory mechanisms the SJCA Intervenors intend to use to advocate for overdue public lands protections. For example, BLM promulgated the rule to "build and maintain" ecosystem resilience through, among other things, "restoring degraded habitat and ecosystems," and the Public Lands Rule creates a variety of tools to achieve this aim. 89 Fed. Reg. at 40,308; 43 C.F.R. § 6102.1-6102.5. If the Public Lands Rule is overturned, the SJCA Intervenors would be unable to utilize these tools to advance their long-sought goal of beginning to heal the legacy of public lands development through restoration. Joyce Decl. ¶ 7; Krupp Decl. ¶ 16-17; McKinnon Decl. ¶¶ 17-19; Pinto Decl. ¶¶ 6, 21-22; Rader Decl. ¶ 20. The SJCA Intervenors would also be unable to utilize the Public Lands Rule to push BLM to protect intact landscapes, 43 C.F.R. §§ 6102.1-6102.2, incorporate indigenous knowledge in management decisions, 43 C.F.R. §§ 6101.2(i), 6102.5(b)(6), and prioritize ACEC designation, 43 C.F.R. § 1610.7-2, aims the SJCA Intervenors

6

have long tried to advance. Joyce Decl. ¶ 10; Léger Decl. ¶ 10; Krupp Decl. ¶ 16-17; McKinnon Decl. ¶¶ 17-19; Pinto Decl. ¶¶ 6, 16, 24; Rader Decl. ¶¶ 8, 13; Straight Decl. ¶ 5.

A ruling in this litigation vacating the Public Lands Rule or constraining BLM's implementation of FLPMA's well-established conservation mandates would impair the SJCA Intervenors' interests; this satisfies the third requirement for intervention.

### D. The SJCA Intervenors' interests are not adequately represented by the existing parties.

To demonstrate inadequacy of representation under Rule 24(a)(2) an applicant "need only show the *possibility* of inadequate representation." *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 996 (10th Cir. 2009) (cleaned up). "The burden to satisfy this condition is minimal, and the possibility of divergence of interest need not be great." *Id*. Where the government is an existing party, courts in this Circuit "repeatedly recognize that it is on its face impossible for a government agency to carry the task of protecting the public's interests and the private interests of a prospective intervenor." *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d at 1200 (citation omitted) (cleaned up); *see also Utah Ass'n of Cntys.,* 255 F.3d at 1256 ("[T]he government is obligated to consider a broad spectrum of views, many of which conflict with the particular interest of the would-be intervenor."). This is particularly the case where the agency is statutorily required to consider and balance competing uses. *W. Energy All.*, 877 F.3d at 1169.

Here, the SJCA Intervenors readily satisfy this standard. First, their interests are distinct from the Federal Defendants' in this litigation. The SJCA Intervenors are a coalition of community, conservation, and Tribal organizations dedicated to advancing their members' unique health, cultural, economic, and ecological interests, including remedying the disproportionate impacts extractive development has had on the communities the SJCA Intervenors represent. DeAngelis

7

Decl. ¶ 6, 15 (noting reliance on BLM lands for economic opportunity); Joyce Decl. ¶¶ 5-6, 10-12; Krupp Decl. ¶¶ 3-5; Léger Decl. ¶¶ 3-5 14-15 (describing heightened impacts on community); McKinnon Decl. ¶¶ 3-5; Pinto Decl. ¶¶ 3, 6, 14, 19-22 (describing disproportionate impact of extractive development on Navajos); Rader Decl. ¶¶ 6-10; Straight Decl. ¶ 5. Conserving public lands is the SJCA Intervenors' sole pertinent interest here, and they have a long history of advocating to advance this goal. Joyce Decl. ¶¶ 7-9; Léger Decl. ¶¶ 7-11; Krupp Decl. ¶¶ 7-11; McKinnon Decl. ¶¶ 7-12; Pinto Decl. ¶¶ 6, 9-10; Rader Decl. ¶¶ 7-10; Straight Decl. ¶¶ 5, 12-13, 15. This particularized interest is distinct from, and often in tension with, BLM's broad mandate to represent and balance the competing interests of the public at large. Krupp Decl. ¶ 19; Pinto Decl. ¶ 25; Rader Decl. ¶ 27; Straight Decl. ¶ 16.

The distinction is magnified in this case. This litigation centers on BLM's implementation of its multiple use mandate under FLPMA. FLPMA requires BLM to consider and balance competing uses of public lands, including inconsistent uses such as conservation, grazing, and energy development. *See* 43 U.S.C. § 1702(c). BLM "has multiple objectives" in managing public lands and cannot adequately represent the SJCA Intervenors' interests. *See W. Energy All.*, 877 F.3d at 1169. The SJCA Intervenors often disagree with BLM over its interpretation and implementation of FLPMA's multiple-use mandate, particularly the appropriate balance among competing uses of public lands. They have a history of contesting BLM management decisions authorizing resource extraction and other activities that degrade public lands, and advocating for a comprehensive framework for integrating conservation and climate considerations in BLM's land use planning process. Joyce Decl. ¶¶ 9, 12, 14; Léger Decl. ¶ 5-8; McKinnon Decl. ¶¶ 7-12; Krupp Decl. ¶¶ 7-11; Rader Decl. ¶¶ 13-14; Straight Decl. ¶¶ 12-13, 15. In comments on the Public

Lands Rule, the SJCA Intervenors pressed BLM to go further than it ultimately did to advance ecosystem resilience and conserve intact landscapes. Joyce Decl. ¶ 15; Krupp Decl. ¶ 12; Léger Decl. ¶ 12; McKinnon Decl. ¶ 14; Rader Decl. ¶ 25. This past and present adversarial relationship highlights Federal Defendants' and the SJCA Intervenors' potentially divergent interests in the Public Lands Rule at issue here.

Further, the Federal Defendants' broad mandate may cause them to change their position or make concessions in this litigation with which the SJCA Intervenors disagree. The risk of the government changing position is acute during an election year. *See, e.g., Western Energy All.*, 877 F.3d at 1169 (describing cases in which new "divergence of interest" arose after a change in administration). The SJCA Intervenors cannot be assured "that the government agency's position will stay 'static or unaffected by unanticipated policy shifts.'" *Id.* at 1168 (quoting *Utah Ass'n of Cntys.*, 255 F.3d at 1256). Accordingly, the SJCA Intervenors meet all four requirements for intervention as a matter of right.

## II. This Court should alternatively grant the SJCA Intervenors permissive intervention.

Permissive intervention is appropriate when (1) a movant files a timely motion; (2) the prospective intervenor has a claim or defense that shares a common question of law or fact with the main action; and (3) intervention will not unduly delay or prejudice existing parties. Fed. R. Civ. P. 24(b). In exercising its discretion, a court considers "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3), and "whether the interveners will significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Utah ex rel. Utah State Dep't of Health v. Kennecott Corp.*, 232 F.R.D. 392, 398 (D.

Utah 2005).

Here, the SJCA Intervenors readily meet this standard. As set forth above, their motion is timely, and intervention would neither unduly delay nor prejudice the Industry Plaintiffs or Federal Defendants. *Supra*, Part I.A. The SJCA Intervenors raise a common issue as they seek to uphold the very rule the Industry Plaintiffs are trying to vacate. Furthermore, they bring a valuable voice to this litigation, as they have a long history of advocating for the protection of conservation values on public lands. *Supra*, Part I.B. As such, the SJCA Intervenors bring a unique legal and factual perspective on the issues raised in this litigation, and their participation will contribute to a fully developed factual and legal record in this case.

## CONCLUSION

For the reasons set forth above, this Court should grant the SJCA Intervenors' motion to intervene as defendants in this litigation as a matter of right or, in the alternative, to intervene permissively.

Respectfully submitted this 1st day of October, 2024.

/s/ Oliver Wood
Oliver Wood (UT Bar No. 17474)
OLIVER WOOD LAW, PLLC

Barbara Chillcott (MT Bar No. 8078)
(*pro hac vice* pending)
David Woodsmall (OR Bar No. 240631)
(*pro hac vice* pending)
WESTERN ENVIRONMENTAL LAW CENTER

*Attorneys for San Juan Citizens Alliance, Badlands Conservation Alliance, Center for Biological Diversity, Citizens for a Healthy Community, Diné Citizens Against Ruining Our Environment, Sierra Club, and WildEarth Guardians*

**CERTIFICATE OF SERVICE**

I certify that on this 1st day of October, 2024, I electronically filed the foregoing MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT with the Clerk of the U.S. District Court for the District of Utah and served all parties using the CM/ECF system.

/s/ Oliver Wood